```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

GARY BERNSTEIN,

                Plaintiff,

- against –

ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a CONDÉ NAST, GETTY IMAGES (US),
INC., and JOHN DOES 1-100,

                Defendants.

---------------------------------------------------------------X

Case No. 1:25-cv-07970-VM

**PROPOSED STIPULATED PROTECTIVE ORDER**

      **WHEREAS**, Plaintiff Gary Bernstein and Defendant Getty Images (US), Inc. ("Getty Images"), having agreed to the following terms of confidentiality, the following restrictions and procedures shall apply to the information and documents exchanged by these parties in connection with ongoing to discussions to resolve Plaintiff Bernstein's claims against Defendant Getty Images regarding a photograph or photographs of Elizabeth Taylor:

      1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is business, financial, strategic, proprietary, or otherwise sensitive non-public information, or a trade secret. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." (All such information and documents shall be referred to herein as "Confidential Information.")

      2.    Counsel for any party may designate any document or information, in whole or in part, as highly confidential only if counsel determines, in good faith, that the document or information contains non-public and highly confidential business, financial, strategic, proprietary, or otherwise commercially sensitive information, trade secrets, or other similar information not

1

generally known and that, in the good faith judgment of counsel, is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such disclosing party or its employees, customers, or clients if disclosed.  Information and documents designated by a party as highly confidential will be stamped "HIGHLY CONFIDENTIAL."  (All such information and documents shall be referred to herein as "Highly Confidential Information.")

3. The Confidential Information and Highly Confidential Information produced will be held and used by the person receiving such information solely for use in connection with this action.

4. Confidential Information shall not be disclosed to any person, except:

a. The parties and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d. Witnesses and deponents in this action who are shown the Confidential Information while testifying; and

e. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Highly Confidential Information shall not be disclosed to any person, except:

a. Counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants, vendors, or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d. Witnesses and deponents in this action who are shown the Highly Confidential Information while testifying; and

e. The Court (including any mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court).

2

6. Prior to disclosing or displaying Confidential Information or Highly Confidential Information to any person included in categories 4.c., 4.d., 5.c. or 5.d. above, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person (except the parties, counsel, their employees, and the Court) to sign an agreement to be bound by this Order in the form attached hereto.

7. In the event that a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

8. Upon settlement of this dispute or conclusion of the Action, the Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after) returned to the providing party or certified as destroyed.

9. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information or Highly Confidential Information subject to all the terms of this Order.

10. At the conclusion of litigation, Confidential Information or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files, which shall remain subject to this Order.

11.     Nothing herein constitutes an admission by any party that Confidential Information or Highly Confidential Information produced in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information and the Highly Confidential Information.

12.     Nothing herein shall preclude the parties from disclosing material designated as Confidential Information or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that the party shall promptly notify the source of the information before such disclosure.

SO STIPULATED AND AGREED.

Dated:   November 11, 2025

| | |
|---|---|
| Leichtman Law PLLC | DAVIS WRIGHT TREMAINE LLP |
| By: *David Leichtman* | By: *[signature]* |
| David Leichtman | James E. Rosenfeld |
| Emma J. Hoffmann | Celyra I. Myers |
| 185 Madison Ave, 15th Floor | 1251 Avenue of the Americas, 21st Floor |
| New York, NY 10016 | New York, New York 10020 |
| Tel:  (212) 419-5210 | Tel: (212) 489-8230 |
| Email: dleichtman@leichtmanlaw.com | Email: jamesrosenfeld@dwt.com |
| ehoffmann@leichtmanlaw.com | celyramyers@dwt.com |
| *Counsel for Plaintiff Gary Bernstein* | *Counsel for Defendants Advance Magazine Publishers Inc. and Getty Images (US), Inc.* |

SO ORDERED.

Dated: November 17, 2025
New York, New York

_____
Victor Marrero
U.S.D.J.

5

## **AGREEMENT**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter captioned *Bernstein v. Advance Magazine Publishers Inc. d/b/a Conde Nast et al.*, Civil Action No. 1:25-cv-07970-VM (S.D.N.Y.), have been designated as confidential or highly confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential or highly confidential by Order of the Court.

I hereby agree that I will not disclose any such documents or information to any other person. I further agree not to use any such documents or information for any purpose other than this litigation. I have read the Stipulation and Protective Order in this matter, and I hereby agree to be bound by its terms, including any penalties for breach of its confidentiality provisions.


Signature: _____


Print Name: _____


Date: _____